# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1390 | **DATE** | March 6, 2012 |
| **CASE TITLE** | Cabrera v. Acevedo | | |

**DOCKET ENTRY TEXT:**

The petition for a writ of habeas corpus is denied. A certificate of appealability as to both claims is denied.

## STATEMENT

Background

Petitioner Pedro Cabrera is an inmate at Sheridan Correctional Center in Sheridan, Illinois, where he is serving concurrent prison terms of twenty and seven years for armed robbery and burglary convictions. On March 10, 2004, Petitioner, pursuant to a plea agreement with the state's attorney, pled guilty to one count of armed robbery. The trial court accepted the plea and entered judgment. In an ensuing colloquy between Petitioner and the trial judge, Petitioner asserted that he was actually innocent of the armed robbery but felt he had to plead guilty because of his "background." Based on these comments, the trial judge vacated the judgment and reinstated Petitioner's previous plea of not guilty. Petitioner protested, telling the trial court judge "I prefer to take the time, sir." But the trial judge refused to accept the guilty plea following Petitioner's assertion of innocence and forced him to go to trial. Petitioner elected for a bench trial, which was held in July 2004. Petitioner was convicted of armed robbery and burglary and sentenced to twenty and seven years, respectively, to run concurrently.

Petitioner appealed his conviction to the Illinois Appellate Court, arguing that the circuit court erred in vacating Petitioner's guilty plea on the ground that he maintained his innocence. On April 18, 2006, the appellate court affirmed the judgment. Petitioner then filed a petition for leave to appeal (PLA) to the Supreme Court of Illinois, raising the same issue. The PLA was rejected September 27, 2006.

On February 7, 2007, Petitioner filed a pro se postconviction petition in the Circuit Court of Cook County, arguing (1) a double jeopardy violation based on the trial court's vacation of the initial guilty plea and forcing Petitioner to stand trial; (2) ineffective assistance of appellate counsel for failing to raise the double jeopardy argument on direct appeal. The trial court summarily dismissed the petition. Petitioner appealed the

**STATEMENT**

dismissal, but only raised the ineffective assistance of counsel claim and not the double jeopardy claim. Nevertheless, the appellate court effectively reached the double jeopardy question as part of its analysis of the first prong of the *Strickland v. Washington*, 466 U.S. 668 (1984), test. The appellate court held that "the mere acceptance of a defendant's plea of guilty did not terminate the jeopardy that attached when the guilty plea was accepted by the trial court." *People v. Cabrera*, 932 N.E.2d 528, 541 (Ill.App. 1 Dist., 2010). Thus, under the principle of continuing jeopardy, "the subsequent prosecution on the identical offense is not foreclosed by the double jeopardy clause where the guilty plea hearing terminated properly." *Id*. Because Petitioner's double jeopardy argument was rejected on the merits, the appellate court held that Petitioner was not prejudiced by his appellate counsel's failure to raise it on direct appeal. *Id*, at 543. Petitioner timely filed a PLA, this time raising only the double jeopardy claim and omitting the ineffective assistance of counsel claim. The PLA was denied on November 24, 2010.

On December 3, 2010, Petitioner filed the instant habeas petition in this court, raising two claims: (1) the trial court violated his Fifth Amendment right against double jeopardy by vacating his guilty plea and forcing him to stand trial; and (2) appellate counsel's failure to raise the double jeopardy argument on direct appeal violated his Sixth Amendment right to effective assistance of counsel. Respondent argues that the double jeopardy claim is procedurally defaulted because Petitioner did not raise it on direct appeal and failed to raise it before the postconviction appellate court. Respondent also argues that both claims fail on the merits because the postconviction appellate court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. 28 U.S.C. § 2254(d)(1).

Analysis

I decline to treat claim one as procedurally defaulted. The two classic procedural default scenarios are not fully met here. The first scenario, where the last state court opinion clearly and expressly states that its judgment rests on a state procedural bar, is inapplicable. The second scenario, where the claim was not fairly presented to the state courts and it is now too late to do so, is technically satisfied but the state appellate court nevertheless effectively reached the merits of the double jeopardy claim in deciding the ineffective assistance of counsel claim. In other words, although Petitioner failed to adequately present the double jeopardy claim in his briefings, the appellate court adjudicated the merits of the claim as if he had. (Indeed, the entire "ANALYSIS" section focuses solely on the double jeopardy question. Only in the conclusion does the state appellate court tie it back to the ineffective assistance of counsel claim by holding that Petitioner was not prejudiced.). Further, Petitioner fairly presented the double jeopardy claim in his postconviction PLA. It therefore makes little sense to treat the double jeopardy claim as procedurally barred. *See* Randy Hertz & James Liebman, Federal Habeas Corpus Practice and Procedure §26.2[e] (6th ed. 2011) ("the procedural default doctrine does not apply if the last state court rendering a judgment in the case reached the merits of the claim.")(internal quotations omitted).

I do find, however, that the ineffective assistance of counsel claim was not fairly presented to the Supreme Court of Illinois in Petitioner's postconviction PLA, rendering it at the very least unexhausted (if not procedurally defaulted, which Respondent has not argued). Nevertheless, I reach the merits of claim two out of an interest in finality in this case. 28 U.S.C. § 2254(b)(2).

The Supreme Court has not decided the issue of whether double jeopardy is violated when a trial court vacates a guilty plea and forces the defendant to stand trial. While it is clear that, for purposes of the Fourteenth Amendment, a criminal defendant "does not have an absolute right under the Constitution to have

his guilty plea accepted by the court," *North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970), once the plea is accepted, it is unresolved whether double jeopardy prevents a court from *sua sponte* vacating the plea and proceeding to trial. The federal circuits are split on this question. *See U.S. v. Santiago Soto*, 825 F.2d 616 (1st Cir. 1987); *Gilmore v. Zimmerman*, 793 F.2d 564 (3rd Cir. 1986) (trial judge's *sua sponte* decision to vacate the defendant's guilty plea to manslaughter and force him to stand trial for homicide charge did not violate double jeopardy.); *United States v. Whitley*, 759 F.2d 327, 332 (4th Cir. 1985) ("After a guilty plea has been set aside, neither retrial nor an increased sentence infringes the rights protected by the double jeopardy clause."); *United States v. Kim*, 884 F.2d 189 (5th Cir. 1989); but *see Morris v. Reynolds*, 264 F.3d 38 (2d Cir. 2001) ("Given that a guilty plea is a conviction, and that the Double Jeopardy Clause protects against a second prosecution for the same offense after conviction, the Clause prohibits a second prosecution for the same offense following a guilty plea." (internal quotations and citations omitted)); *U.S. v. Patterson*, 381 F.3d 859, 865 (9th Cir. 2004) ("although the district court is free to reject the plea agreement after accepting a guilty plea, it is not free to vacate the plea either on the government's motion or *sua sponte*). Without a clear holding from the United States Supreme Court resolving the issue in Petitioner's favor, he cannot satisfy the stringent requirements of 28 U.S.C. § 2254(d)(2). *See Carey v. Musladin*, 549 U.S. 70, 76 (2006).

Claim two also fails on the merits because Petitioner cannot satisfy either prong of the *Strickland* test, let alone the added layer of deference under 28 U.S.C. § 2254(d)(2). As to the first prong, given the unsettled state of the law surrounding the double jeopardy implications of a vacated plea agreement, it cannot be said that this argument was "both obvious and clearly stronger" than the issue that appellate counsel did raise. *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). Therefore appellate counsel's failure to raise the argument was not objectively unreasonable. And as to the second prong, Petitioner cannot show that he was prejudiced by appellate counsel's failure to raise the double jeopardy argument. Deciding *Strickland*'s prejudice prong necessarily entails some degree of speculation because of the counterfactual nature of the underlying question: what *would* have happened if counsel had done X? Here, speculation is minimal because the same appellate court that would have heard Petitioner's double jeopardy claim on direct appeal did hear it on postconviction appeal and rejected it on the merits. Add in AEDPA deference and Petitioner falls far short of a viable ineffective assistance claim.

Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Because I do not believe that "jurists of reason" could find my ruling "debatable," I am denying a certificate of appealability as to both claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).